IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN SLAUGHTER, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-04528 |
| | § | |
| PROGRESSIVE COUNTY MUTUAL | § | |
| INSURANCE COMPANY and | § | |
| UNITED FINANCIAL CASUALTY | § | |
| COMPANY, | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

Before the Court is Plaintiff Steven Slaughter's Motion to Remand ("Motion") [Doc. # 3]. Defendants Progressive County Mutual Insurance Company ("PCMIC") and United Financial Casualty Company ("UFCC") have filed a response.[1] Plaintiff Slaughter has not filed a reply, his time to do so has expired, *see* Hon. Nancy F. Atlas, Court Procedures and Forms, R.7(A)(4), and the Motion is now ripe for decision. Having reviewed the record and pertinent legal authorities, the Court **denies** Plaintiff Slaughter's Motion.

---

[1] Defendants' Response to Plaintiff's Motion to Remand ("Response") [Doc. # 9]. Defendants' Motion for Leave to File Response to Plaintiff's Motion to Remand [Doc. # 6], is **granted**.

## I. BACKGROUND

This case is an insurance coverage dispute arising from an automobile collision. On September 16, 2016, Steven Slaughter was involved in a car accident in Harris County, Texas. As a result of the crash, Slaughter allegedly suffered severe bodily injuries in excess of the other driver's insurance policy limit. Slaughter allegedly sought, but was not afforded, coverage for his medical expenses under an uninsured/underinsured motorist provision in his commercial auto policy.

On July 27, 2018, Slaughter filed an Original Petition in the 55th Judicial District Court of Harris County, Texas. In his Original Petition, Slaughter sued PCMIC, alleging it underwrote policy number 06250026-1. Slaughter sought recovery under Chapters 541 and 542 of the Texas Insurance Code and violations of the Texas Deceptive Trade Practices-Consumer Protection Act. Slaughter also requested declaratory judgment on coverage and damages issues. Slaughter sought $1 million in monetary relief.

On November 11, 2018, PCMIC moved for summary judgment in state court. PCMIC attached an affidavit from Paula Stewart, a custodian of records for Progressive Group of Insurance Companies.[2] Stewart averred that PCMIC did not

---

[2] Affidavit of Paula Stewert ("Stewart's Affidavit") [Doc. # 1-6].

issue a personal or commercial insurance policy that provides uninsured or underinsured motorist coverage to Slaughter for any damages that may have arisen from the September 16, 2016, auto accident. Stewart also stated that UFCC did issue a commercial auto insurance policy to Slaughter effective from April 1, 2016, through October 1, 2016. Stewart identified this policy as "policy number 06250026-*0*" (emphasis added). PCMIC attached to its motion a copy of that policy, which provides uninsured/underinsured motorist coverage. The policy's declaration page lists UFCC as the policy's only underwriter and shows "PROGRESSIVE COMMERCIAL" on its letterhead. The policy makes no reference to PCMIC.

Two days after PCMIC filed its state court motion for summary judgment, Slaughter filed his First Amended Petition, adding UFCC as a defendant. Slaughter's First Amended Petition contains largely the same allegations as the Original Petition, but asserts coverage from PCMIC "and/or" UFCC under "policy number 06250026-*1*" (emphasis added).

UFCC answered the First Amended Petition on November 16 and filed its Notice of and Petition for Removal ("Notice of Removal") [Doc. # 1], on November 30, 2018. In its Notice of Removal, UFCC asserts that removal is proper under 28 U.S.C. § 1441, as this Court has original jurisdiction under 28 U.S.C. § 1332. UFCC avers that it and Slaughter are diverse because it is a citizen

3

of Ohio and Slaughter is a citizen of Texas.  UFCC admits that PCMIC is a citizen of Texas,[3] whose presence in the suit would normally destroy diversity and preclude removal via the in-state defendant exception.  UFCC nevertheless contends that because PCMIC is improperly joined, PCMIC should be disregarded for purposes of determining the Court's jurisdiction.  According to UFCC, Slaughter is unable to establish a cause of action against PCMIC.  UFCC attached policy number 06250026-0 (issued by UFCC) and Stewart's affidavit to its Notice of Removal.  UFCC's deputy counsel avers that PCMIC and UFCC are separate corporate subsidiaries of Progressive Corporation.[4]

On December 13, 2018, Slaughter filed his Motion to Remand.  Slaughter does not contest UFCC's characterization of the citizenship of the parties.  Nor does Slaughter object to consideration of policy number 06250026-0 or Stewart's affidavit.  Instead, in his Motion, Slaughter repeatedly cites to policy number 06250026-0 and asserts that PCMIC is the policy's underwriter.  Slaughter does not produce a copy of policy number 06250026-*1* (the policy Slaughter referenced in his First Amended Petition), does not present documentary proof of policy

---

[3]     *See* Affidavit of Michael Uth, deputy counsel for PCMIC and UFCC ("Uth's Affidavit") [Doc. # 9-1], ¶¶ 4-5 (stating that PCMIC is a Texas company with its principal place of business in Austin and UFCC is an Ohio company with its principal place of business in Cleveland).

[4]     *Id.* ¶¶ 3-5.

number 06250026-1's existence, and does not explain his failure to supply a copy of that policy. Indeed, he does not even mention that policy in his Motion to Remand.

## II. LEGAL STANDARDS

### A. Removal Jurisdiction

The federal removal statute permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *See* 28 U.S.C. § 1441(a). Federal district courts have subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties. *See id.* § 1332(a). A suit removable solely based on the diversity of the parties may not be removed if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See id.* § 1441(b)(2).

### B. Improper Joinder

"Joinder of a party solely for the purpose of blocking jurisdiction based on diversity may be established by showing (1) actual fraud in the pleadings or (2) the 'inability of the plaintiff to establish a cause of action against the nondiverse party in state court.'" *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 219 (5th Cir. 2018) (quoting *Davidson v. Ga.-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir.

2016)). The party seeking removal via improper joinder "bears a heavy burden." *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc).

Only the second ground for improper joinder is before the Court. The test "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against" the non-diverse or in-state defendant, "which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the non-diverse or in-state defendant. *Id.* at 573. To make this determination, a court first "looks at the allegations contained in the complaint" to see if the "plaintiff can survive a Rule 12(b)(6) challenge for failure to state a claim." *Davidson*, 819 F.3d at 765. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573. "However, where a complaint states a claim that satisfies 12(b)(6), but has 'misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013) (quoting *Smallwood*, 385 F.3d at 573). This "summary inquiry" is *not* akin to "the no-evidence summary judgment standard." *See Cumpian*, 910 F.3d at 220. Rather, the "defendant *must* put forward evidence that would *negate a possibility* of liability on the part of" the nondiverse or in-state defendant. *Smallwood*, 385 F.3d at 573-74 (emphasis

added). Moreover, "the evidence that is dispositive" must relate to "facts that could be easily disproved if not true." *Cumpian*, 910 F.3d at 221.

## III. **DISCUSSION**

In its Notice of Removal, UFCC asserts joinder of PCMIC is improper, and thus the Court may entertain this suit under its diversity jurisdiction. UFCC carries its "heavy burden" of demonstrating that Slaughter is improperly joined because "there is no possibility of recovery by" Slaughter against PCMIC.[5] *See Smallwood*, 385 F.3d at 573-74. Accordingly, the Court **denies** Slaughter's Motion to Remand.

According to the uncontroverted evidence of record, PCMIC and UFCC are distinct subsidiaries of the Progressive Corporation,[6] and PCMIC issued no insurance policy to Slaughter for uninsured/underinsured motorist coverage for the relevant coverage period.[7] It was UFCC that issued policy number 06250026-0 to Slaughter for the relevant time period. This policy provides uninsured/underinsured motorist coverage and lists UFCC as the sole underwriter.

---

[5] UFCC also asserts that Slaughter "fraudulently pleaded jurisdictional facts in an attempt to secure jurisdiction in state court." UFCC, however, fails to identify which facts Slaughter fraudulently pleaded and has not demonstrated actual fraud in Slaughter's pleadings.

[6] Uth's Affidavit [Doc. # 9-1] ¶¶ 3-5.

[7] Stewart's Affidavit [Doc. # 1-6], ¶ 3

Without a policy underwritten by PCMIC, Slaughter cannot recover against PCMIC on his contractual or extra-contractual claims. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 490 (Tex. 2018) ("The general rule is that an insured cannot recover policy benefits for an insurer's statutory violation if the insured does not have a right to those benefits under the policy.").

In his Motion to Remand, Slaughter cites policy number 06250026-0 and claims he is covered by PCMIC under that policy. Slaughter notes that the declaration's letterhead states "PROGRESSIVE COMMERCIAL" and "PROGRESSIVE" recurs throughout the policy. Slaughter does not produce a copy of policy number 06250026-1 (the policy Slaughter referenced in his Original and his First Amended Petition), does not present documentary proof of policy number 06250026-1's existence, does not explain his failure to supply a copy of the policy, and does not even mention the policy in his Motion to Remand.

The Court concludes, after "pierc[ing] the pleadings," that UFCC has established there is no reasonable basis to predict that PCMIC provided Slaughter underinsured/uninsured motorist coverage during the relevant period. *See Mumfrey*, 719 F.3d at 401. UFCC has "put forward evidence that would negate a possibility of liability on the part of" PCMIC. *See Smallwood*, 385 F.3d at 573-74. UFCC's status as the issuer of the relevant insurance policy is a fact "that could be easily disproved if not true." *See Cumpian*, 910 F.3d at 221. Slaughter's bald

8

P:\ORDERS\11-2018\4528MRemand.docx 190206.0940

assertion that PCMIC underwrites policy number 06250026-0 is insufficient.[8] While the policy's letterhead states "PROGRESSIVE COMMERCIAL," there is no indication that this tradename refers to PCMIC, *i.e.*, Progressive County Mutual Insurance Company.

In sum, UFCC has put forth unrefuted evidence that negates the possibility of PCMIC's liability. Accordingly, PCMIC is improperly joined, will be disregarded in the Court's jurisdiction inquiry, and will be dismissed from the case. *See Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) ("[I]f the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant.").[9] As

---

[8] Slaughter further asserts in his Motion—without any supporting evidence—that all premiums were paid to "PCMIC" and all letters came from "PCMIC." Slaughter's repeated unjustified conflation of the label "PROGRESSIVE" with PCMIC is insufficient to meet his burden to show the existence of a PCMIC policy.

[9] *See Van Tassel v. State Farm Lloyds*, No. 4:12-CV-3711, 2013 WL 5152324, at *2 (S.D. Tex. Sept. 11, 2013) (dismissing *sua sponte* improperly joined and non-diverse defendant); *Lucas v. Ocwen Home Loan Servicing*, No. 3:13-CV-1057-G BH, 2013 WL 6188826, at *1 (N.D. Tex. Nov. 26, 2013) (adopting magistrate judge's recommendation to *sua sponte* dismiss improperly joined defendants); *Perez v. Bank of Am., N.A.*, No. EP-13-CV-285-KC, 2013 WL 12130455, at *2 (W.D. Tex. Dec. 6, 2013) (noting that a non-diverse and improperly joined defendant should be dismissed from the case "as a matter of course").

Slaughter and UFCC are diverse and UFCC is not an in-state defendant, removal is appropriate and Slaughter's Motion to Remand is denied.

IV. **ORDER**

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff Steven Slaughter's Motion to Remand [Doc. # 3], is **DENIED**. It is further

**ORDERED** that Defendant Progressive County Mutual Insurance Company is **DISMISSED** from this lawsuit as improperly joined.

SIGNED at Houston, Texas, this  6th  day of **February, 2019.**

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE